UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 13-007-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STEVE FLOYD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Steve Floyd was sentenced on September 27, 2013, to a term of imprisonment of 51 months based upon his involvement in a conspiracy that distributed a large quantity of methamphetamine in southeastern Kentucky. On November 3, 2014, Floyd moved the Court to reduce his sentence under 18 U.S.C. § 3582(c) based on recent changes in the drug tables used to determine non-binding guideline ranges for incarceration applicable to certain federal drug offenses. [Record No. 328] For the reasons explained below, the relief requested is not appropriate. Therefore, Floyd's motion will be denied.

Floyd was indicted on February 28, 2013, along with eight other defendants and charged with conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine. [Record No. 1] However, Floyd later negotiated an agreement with the government that allowed him to enter a guilty plea involving a lesser amount of the substance.

[Record Nos. 144, 148] This agreement effectively reduced the statutory penalty range for imprisonment from not less than ten years to life, to not less than five, nor more than forty years.[1]

The factual basis supporting Floyd's guilty plea is contained in paragraph 3 of his written Plea Agreement. It provides:

>   (a)     Beginning in or about September of 2012, and continuing through on or about January 31, 2013, in Laurel County, Kentucky - which is located in the Eastern Judicial District of Kentucky - and elsewhere, the Defendant, Steve Floyd, conspired with others to distribute 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, a Schedule II controlled substance.
>
>   (b)     The Defendant admits that he was regularly purchasing methamphetamine from Brenda Eversole. Eversole's primary source of supply was Shane Begley.
>
>   (c)     The Defendant further admits that he obtained approximately one "eight-ball" of methamphetamine every other day for a period of around five months from Eversole. One "eight-ball" is around 3.5 grams.
>
>   (d)     The Defendant further admits that he sold a portion of this methamphetamine to fund his own drug use/habit.
>
>   (e)     Based on the foregoing facts, the Defendant admits that he conspired with Brenda Eversole and others to distribute methamphetamine during the time frame set forth in the indictment.
>
>   (f)     Moreover, based on controlled purchases, drugs seized, witness statements, and other evidence, the Defendant admits that the United States could prove beyond a reasonable doubt that he is responsible for the distribution of between 200 grams and 350 grams of methamphetamine. . . .

[Record No. 144]

Floyd did not have a leadership role in the conspiracy. Likewise, he was not responsible for transporting large amounts of methamphetamine into Kentucky from out-of-state sources.

---

[1]     Because Floyd qualified for the safety valve under the United States Sentencing Guidelines, he was not subject to the mandatory minimum term of imprisonment of 60 months.

Instead, Eversole was identified as one of the primary drug traffickers who received methamphetamine from another co-defendant, Shane Begley. Floyd, in turn, received his supply of methamphetamine from Eversole. Begley organized the scheme and directed the activities of other. The government's investigation continued until January 31, 2013 when the majority of conspirators were arrested. Based on Floyd's admissions as outlined in the Plea Agreement, he was found responsible for 227.5 grams of a mixture containing methamphetamine.

Floyd's attorney filed a Sentencing Memorandum prior to his sentencing hearing which is relevant to the issue currently pending before the Court. [Record No. 175] Through this memorandum, Floyd emphasized that the guideline range of imprisonment of 46 to 57 months was not binding on the Court. Instead, he pointed to relevant factors set out in 18 U.S.C. § 3553(a) in arguing that sentence of 48 months or less would meet all goals of sentencing, including deterrence and protection of the public. In particular, although acknowledging the "very serious nature" of the offense, his counsel noted Floyd's lack of criminal history, strong employment history and community and family support in arguing that a longer term of imprisonment would be greater than necessary to meet the statutory provisions.

The Court did not agree with counsel's recommendation and imposed a sentence of 51 months of imprisonment. While recognizing that it was not obligated to impose a sentence within the range calculated under the United States Sentencing Guidelines, in light of all facts presented, the Court determined that a sentence of 51 months of imprisonment would be sufficient, but not greater than necessary to meet all statutory goals and objectives. In reaching this decision, the Court considered the seriousness of the offense and its consequences as well

as the need to provide specific deterrence to Floyd and general deterrence to others inclined to commit a similar offense. The Court concluded at the time Floyd was sentenced that a lower term of incarceration was not appropriate. That conclusion has not changed with the passage of time or with the recent amendments to the United States Sentencing Guidelines. Likewise, the conclusion is not altered by any of Floyd's post-sentencing conduct or arguments that he is not a danger to the public.

It is true that this Court has the authority and ability to reduce Defendant Floyd's sentence based on the amendments to the United States Sentencing Guidelines. However, the fact that the Court *may* reduce the defendant's sentence does not mean that it *must* reduce his sentence. Here, a lesser term of incarceration would unduly diminish the seriousness of the offense and would not provide appropriate punishment for Floyd's crime. While the costs of incarceration are significant, those costs are not factors to consider under 18 U.S.C. § 3553(a), and they do not overcome the relevant considerations outlined above. As a result, it is hereby

**ORDERED** that Defendant Steve Floyd's Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c) [Record No. 328] is **DENIED**.

This 10th day of November, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge